ROYER *v.* KING *et al.*    SAME *v.* RICHMAN *et al.*    SAME *v.* RUSSELL.

*(Circuit Court, D. Indiana. November 28, 1888.)*

PATENTS FOR INVENTIONS—INVENTION—THRESHING-MACHINES.

Patent No. 259,264, issued June 6, 1882, to Louis C. Royer, as assignee of Christopher Blinn, covering the combination, in a threshing-machine, of a cylinder, a concave and grate below, a revolving beater arranged sufficiently near the cylinder to deflect the straw downward, a revolving rake and beater in the rear of the first beater, a vibrating shaker and carrier below, involves no invention; the J. A. Throp patent of April 18, 1876, those to complainant of September 7, 1875, and June 20, 1876, and the model made by Westinghouse & Co. during 1877–80, all contain substantially the same elements in the same combination as in the Blinn machine; the improvements made by Blinn in the incline of the grate, and the location of the beater, being only such as a skilled mechanic could have made with the others before him.

At Law. Action for infringement of patent.

These actions are brought by Louis C. Royer against John King and others, George W. Richman and others, and Allen A. Russell, respectively. The plaintiff is the assignee and owner of letters patent No. 259,-264, issued June 6, 1882, to him as assignee of Christopher Blinn, for an improvement in threshing-machines. There were three claims in the patent, which cover the general combination, in a threshing-machine, of a threshing cylinder, a concave and grate below, a revolving beater arranged sufficiently near the cylinder to deflect the straw downward, a re-

volving rake and beater in the rear of the first beater, and a vibrating shaker and carrier, located below beaters, all constructed, arranged, and operated as shown. By stipulation the cases were submitted to the court for trial without the intervention of a jury. It was further stipulated that the decision of the court should be final and binding upon both parties, and that neither of them should appeal therefrom; and that, if the decision was adverse to the plaintiff, no other suits should be brought against Russell & Co., or the sellers or users of machines made by them. On the trial the defendants insisted that no invention was displayed by the device shown in the Blinn patent, on account of the previous state of the art as disclosed in letters patent No. 176,282, issued to J. A. Throp, April 18, 1876, and the patents issued to the plaintiff Louis C. Royer, Nos. 167,570, dated September 7, 1875, and 179,064, dated June 20, 1876. These, with a number of patents, and a model of a threshing-machine made by Westinghouse & Co., of Schenectady, N. Y., during the years 1877–80, were offered in evidence; the latter chiefly as anticipating the device of Blinn. The machines used by the defendants were made by Russell & Co., of Massillon, Ohio, which company defended these suits.

Mr. *Stone*, George E. *Baldwin*, and Jos. B. *Kealing*, for plaintiff.
M. D. *Leggett* and C. P. *Jacobs*, for defendants.

GRESHAM, J., (*orally, after stating the facts as above.*) I read from the Blinn specification:

"The great desideratum in all threshing-machines and separators is to arrest the straw after it leaves the threshing cylinder as speedily as possible, and to deliver it over to the grain separating devices in order to prevent it being thrown through or nearly through the machine, in order to effect perfect separation."

Blinn thus speaks of the then state of the art. He must be held to have had in mind the Westinghouse device, the Throp patent of April 18, 1876, and the Royer patents of September 7, 1875, and June 20, 1876. A skilled mechanic, with the Westinghouse machine and these patents before him, could have made the improvement which is described in the Blinn patent. The old machines contained a cylinder, a concave plate, and a grate, two beaters, one in front and one in rear, and a vibrating carrier, acting in co-operation, substantially as the same elements are combined and act in the Blinn machine. Neither the slight change that Blinn made in the incline of the grate, nor in the location near it and the cylinder of the beater, involved invention. Indeed, Blinn did little more than take the beater as he found it in the Throp machine, and put it in the Royer machine. While the latter, thus improved, is perhaps superior to the Throp and other machines, the improvement involved no invention. Finding and judgment for defendants.